UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MCCARTHY,<br><br>    Plaintiff,<br><br>    v.<br><br>SERVIS ONE, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00900-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

Plaintiff Lisa McCarthy challenges mortgage foreclosure proceedings that have been undertaken by defendants Servis One, Inc. dba BSI Financial Services ("BSI"), as the relevant mortgage loan servicer; Christiana Trust, as the Beneficiary of the trust holding the deed of trust on her residence; and Western Progressive, LLC., ("Western"), as the trustee to the deed of trust on her residence. McCarthy alleges causes of action against defendants for: (i) violation of California Civ. Code § 2923.6; (ii) Negligence; (iii) Fraud; (iv) Negligent Misrepresentation; (v) Unfair Competition under Cal. Bus. & Prof. Code § 17200; (vi) and Injunctive Relief under Cal. Civ. Code § 2924.12.

Defendants move to dismiss. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument and the April 12, 2017 hearing is VACATED. McCarthy fails to allege sufficient facts to support her claims with respect to the processing of her 2016 loan modification application. Her Complaint is DISMISSED with leave to amend.

**BACKGROUND**

**I. PLAINTIFF'S LOAN AND ATTEMPTS AT MODIFICATION**

In 2008, McCarthy obtained a $720,000 mortgage loan secured by a deed of trust on her residence ("Property"). On November 26, 2014, a notice of default was recorded by defendant Western Progressive and on April 3, 2015 a Notice of Trustee's Sale recorded. Complaint ¶ 15,

Ex. A; Declaration of Tara Spangler [Dkt. No. 1-2] at ECF pg. 101, ¶ 6, Ex. 4.[1] The parties went back and forth with the loan modification process through 2015, with denials based, variously and at different times, on defendants' assertion that McCarthy's paperwork was incomplete, that McCarthy did not reside in the Property (because it was listed on her tax returns as a rental property), and, ultimately, in September 2015 that McCarthy simply "did not qualify." Spangler Decl. ¶ 11.

The Property was foreclosed upon in October 2015. Spangler Decl. ¶ 14. In response, McCarthy filed her first complaint in Alameda County Superior Court, alleging causes of action under Civ. Code § 2923.6, promissory estoppel, and quiet title. Compl. ¶ 19; Spangler Decl. ¶ 15, Ex. 12. That case was settled by the parties. Compl. ¶ 19. In January 2016, the foreclosure was rescinded and McCarthy dismissed her first lawsuit, releasing her claims against defendants. Spangler Decl. ¶ 16.

On February 9, 2016, Western Progressive issued a new Notice of Trustee's Sale, and that notice was recorded on February 23, 2016. Spangler Decl. ¶ 18, Ex. 15; Complaint ¶ 20, Ex. B. On March 8, 2016, McCarthy filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California. Spangler Decl. ¶ 20. On April 4, 2016, pursuant to McCarthy's motion, the parties were referred to the Bankruptcy Court's Mortgage Modification Mediation Program (MMMP), and the parties engaged in a "loss mitigation" evaluation process under that Program. Spangler Decl. ¶ 22. On April 5, 2016, McCarthy filed a new loan modification request with BSI. Declaration of Lisa McCarthy [Dkt. No. 6] ¶ 10.

On June 22, 2016, BSI acknowledged the receipt of the loan modification package but asked for additional information (which McCarthy claims BSI already had or was seeking for the first time). Compl. ¶¶ 22-23; Spangler Decl. ¶ 22. On June 23, 2016, McCarthy was notified that she was not eligible for a HAMP modification because the entity on whose behalf BSI serviced

---

[1] On this motion I will not rely on evidence defendants submitted in connection with the TRO proceedings unless that evidence is subject to judicial notice as a public record or incorporated by reference by allegations in the Complaint.

the loan (Christiana Trust) was not a participant. Spangler Decl. ¶ 23, Ex. 18.[2] Following an initial denial for incompleteness, the allegedly missing information was received by BSI in July 2016, and BSI confirmed it possessed a completed application for its review. Complaint ¶ 25; Spangler Decl. ¶¶ 24-28.

BSI contends that it informed McCarthy in an August 23, 2016 letter that its "review of your financial and other information indicates that although you may have a hardship, you do not qualify for a loan modification." Spangler Decl. ¶ 29, Ex. 21. At oral argument on the TRO, McCarthy's counsel insisted that McCarthy did not receive the August 23, 2016 letter. In any event, neither McCarthy nor BSI dispute that McCarthy appealed that denial on September 22, 2016.[3] After McCarthy submitted additional information to BSI through her bankruptcy counsel, BSI denied the appeal on November 28, 2016. Spangler Decl. ¶ 32. McCarthy admits that she received the November 28, 2016 denial of her appeal. Complaint ¶ 34.

On September 26, 2016, the parties participated in the Bankruptcy Court's MMMP mediation with a third-party neutral mediator. According to defendants, the mediation was not successful because McCarthy did not qualify for a modification. The final amended plan was not confirmed and the bankruptcy case was dismissed on January 3, 2017.

## II. PROCEDURAL BACKGROUND

Defendants scheduled a trustee's sale for the Property on January 26, 2017. On January 20, 2017, McCarthy filed this case in Alameda County Superior Court.[4] The case was removed to

---

[2] Plaintiff received a materially similar letter dated October 7, 2015. Complaint ¶ 31, Ex. F. Plaintiff argues in her Complaint that these representations were false because BSI participates in HAMP. Complaint ¶¶ 31-32. BSI's position – as explained in the TRO briefings – is that the letters refer to the *trustee Beneficiary* (here, Christiana Trust) who does not participate in HAMP. Dkt. No. 8 at 4. Additionally, according to the Bankruptcy Court's docket, plaintiff's bankruptcy counsel acknowledged being told that BSI does not provide for HAMP modifications, and informed the Bankruptcy Court that only the "conventional" loan modification request was still pending. Request for Judicial Notice [Dkt. No. 1-3] ECF pg. 221.

[3] During oral argument on the TRO, plaintiff's counsel explained his belief that the communications between BSI and plaintiff during this timeframe were "oral," and made to plaintiff's bankruptcy counsel and not to plaintiff directly.

[4] There were a number of preliminary proceedings that took place in Superior Court prior to the case being removed to federal court, as detailed in my March 7, 2017 Order.

3

this Court on February 22, 2017, and McCarthy applied for a Temporary Restraining Order to prevent the scheduled foreclosure sale. Dkt. No. 7. On March 7, 2017, I denied the application for a TRO and the foreclosure sale proceeded. Dkt. No. 20 ("March 2017 Order"). Defendants now move to dismiss.

In her Complaint, McCarthy alleges that the conduct of BSI and the other defendants – in elongating the loan modification process by asking for documents already produced and continually asking for additional documents as well as misrepresenting the grounds on which McCarthy was allegedly not qualified for a modification – meant that McCarthy was not provided a meaningful opportunity to save the Property from foreclosure. Compl. ¶¶ 39-40. She also asserts that defendants are "obliged" to complete a review of her completed application and determine whether or not she is entitled to a modification under California's Homeowners Bill of Rights ("HBOR," Cal. Civ. Code § 2923.6(c)). *Id*. ¶ 41.

More specifically, she alleges that defendants violated HBOR by: (i) "dual tracking" the mortgage modification and foreclosure processes, Compl. ¶¶ 47-48; and (ii) failing to conduct a good faith review of her completed loan modification request and appeal, which were denied on the basis of "fraud and pretext." *Id*. ¶ 49. McCarthy contends that defendants were negligent because they did not "competently and professionally" handle her loan modification application and appeal. *Id*. ¶¶ 56-57. Her fraud claim is based upon the BSI's representation that BSI participated in the Making Home Affordable loan modification process ("HAMP"), when in reality BSI did not participate and intended to deny McCarthy's application on that basis. *Id*. ¶¶ 62-67. She also alleges negligent misrepresentation based on: (i) BSI's false representation that it participated in HAMP and/or that BSI was not authorized to modify McCarthy's loan under HAMP; and (ii) BSI's determination that the Property was not McCarthy's residence, and her loan modification was denied as a result. *Id*. ¶¶ 70-74. Finally, she alleges that the conduct described above was unlawful, fraudulent, and unfair in violation of California's Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

4

if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

**DISCUSSION**

**I.    HBOR CLAIM**

McCarthy asserts a claim for violation of the California Homeowners Bill of Rights, Cal. Code Civ. Proc. § 2923.6. Defendants initially move to dismiss her HBOR claim to the extent it is based on allegations regarding the 2015 foreclosure proceedings that were settled and dismissed by the parties in January 2016 on the grounds of *res judicata* and because any violations were

remedied. Mot. 4-7. In her Opposition, McCarthy clarifies that she does not assert any HBOR claims based on conduct that occurred prior to the January 2016 settlement and that the allegations regarding conduct before that point in time were only included in the Complaint as evidence of defendants' "bad faith." Oppo. 3.

Defendants also challenge McCarthy's standing to assert a HBOR claim, as she was in bankruptcy proceedings during some part of the time she was seeking a loan modification from defendants. Mot. 7.[5] In denying the TRO, I found that she had standing under HBOR to pursue her dual-tracking claim (the claim asserted in support of her TRO application ) because the relevant Notice of Default and the Notice of Trustee's Sale were recorded prior to the bankruptcy case being filed and the January 26, 2017 trustee's sale was set for *after* the bankruptcy case was closed. Dkt. No. 20 at 11-12. However, the focus of McCarthy's claims has changed.

McCarthy's HBOR claim now centers on the allegations that the request for additional documents from BSI in June 2016 was in bad faith and that she never received a written denial of her 2016 loan modification application. As to the June 2016 demand for additional documents-- McCarthy's claim arose while she was in bankruptcy proceedings; therefore, it cannot form a basis for her HBOR claim. *See* March 2017 Order at 11 ("the appropriate focus is whether a HBOR violation occurred either prior to the filing of the bankruptcy case or after the bankruptcy case was dismissed, and whether bankruptcy proceedings are ongoing."). As to the claim that she never received a written denial letter, and therefore never received full consideration for her loan modification in violation of HBOR--based on McCarthy's allegation, there is an *ongoing* problem (no denial letter) that extends beyond the termination of her bankruptcy proceedings in January 2017. Accordinly, section 2920.5(c)(2)(C) does not preclude a HBOR claim based on that discrete theory.

That said, defendants also argue that the HBOR claim must be dismissed because McCarthy has not alleged a "material violation" of HBOR. *See, e.g., Foote v. Wells Fargo Bank,*

---

[5] HBOR's definition of a "borrower" under Cal. Civ. Code § 2920.5(c)(2)(C) excludes an individual who has filed a bankruptcy petition where "the bankruptcy court has not entered an order closing or dismissing the bankruptcy case." *See* March 2017 Order at 11.

*N.A.*, No. 15-CV-04465-EMC, 2016 WL 2851627, at *3 (N.D. Cal. May 16, 2016) ("for Plaintiff's action to survive, then, she must allege an HBOR violation that is 'material.'"). She counters that defendants failed to provide her with "a sensible, good faith, **written** denial of the loan modification application. She is entitled to this much under the code. See Cal. Civ. Code §2923.6(c)." Opp. 3 (emphasis in original).

The first problem with her theory is that it is *not* expressly included in her Complaint as a basis for her HBOR claim.[6] Even if it were alleged, given facts of which I can take judicial notice, it does not state a *material* violation of HBOR. As I recognized in denying the application for a TRO:

> The record also shows that plaintiff's bankruptcy counsel, who was representing plaintiff in the Bankruptcy Court's Mortgage Modification Mediation Program, was aware of the denial and appealed it, and indeed submitted additional documents to BSI to consider on the appeal. See N.D.C.A. Bankruptcy Court Case No. 16-40613, Dkt. No 46 (asking for an extension of time to complete the MMMP program, because "BSI denied debtor's application. Debtor appealed the decision and BSI requested additional documents which were not considered in its review of the application. Those documents were submitted through the portal and are currently under submission.").

March 2017 Order at 13. McCarthy does not provide any authority to support an argument that where a denial has been made (whether oral or written) and the plaintiff nonetheless appeals that denial, the plaintiff states a claim for a material violation of HBOR. Here, the records from the bankruptcy court show that McCarthy's bankruptcy counsel was not only aware of the denial but that she submitted *additional documents* for BSI to consider in support of McCarthy's appeal. McCarthy admits that she personally received written notice of the subsequent denial of the appeal. Compl. ¶ 34. Given the record and McCarthy's admissions, she cannot state a HBOR claim based solely on her contention that she did not personally receive a copy of the August 2016 denial letter. McCarthy's HBOR claim is DISMISSED with leave to amend.

---

[6] Failure to provide a written denial is included as a ground under the negligence claim, where she alleges that "BSI negligently failed to provide Plaintiff a written denial of the loan modification application, at such a time when Defendant BSI should have afforded Plaintiff an opportunity to appeal." Compl. ¶ 57i. But plaintiff does not dispute that she was *somehow* notified of the denial because she invoked her appeal rights and appealed (although her appeal was allegedly not "thoroughly reviewed"). *Id*. ¶¶ 34, 49.

## II. NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

In order to state a claim for negligence, a plaintiff must allege "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (4th D.C.A. 2013). McCarthy alleges defendants BSI and the Christiana Trust negligently: (i) failed to follow industry loan modification standards; (ii) failed to uphold misrepresentations of BSI's loss mitigation department; (iii) failed to process McCarthy's documentation with requisite care; (iv) failed to provide McCarthy a response to her completed loan modification application; (v) sought to collect late fees while her loan modification was pending; (vi) did not provide a written denial at the time when BSI should have afforded McCarthy the right to appeal; (vii) negligently determined that McCarthy did not reside in her Property; (viii) determined McCarthy was not qualified for a loan modification when she was qualified; and (ix) gave McCarthy conflicting reasons for her loan modification denial. Compl. ¶ 57. But these allegations do not plausibly show that defendants breached a duty of care.

### A. Duty of Care

Defendants rely on *Lueras* to argue that in California loan servicers do not owe a general duty of care to mortgagees in the context of loan modification proceedings. *Id*. at 67. In *Lueras*, the court limited the duties of a loan servicer to "not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale." *Id*. at 68. McCarthy relies on *Alvarez v. BAC Home Loans Servicing, L.P*., 228 Cal. App. 4th 941 (1st D.C.A. 2014), where the court more broadly concluded that loan servicers are "required to exercise reasonable care in their dealings with borrowers seeking a loan modification." *Id*. at 949. In *Alvarez*, the plaintiff alleged that defendants failed to exercise reasonable case in the processing of his loan modification by "failing to process the applications in a timely manner, dual tracking and losing documents," and the court concluded those allegations were sufficient to state a negligent-loan modification application handing claim. *Id*. at 951.

Defendants point to subsequent cases from this Court that have limited the broad duty recognized in *Alvarez* or decided to follow *Lueras*. *See, e.g., Galang v. Wells Fargo Bank, N.A.,*

No. 16-CV-03468-HSG, 2017 WL 1210021, at *4 (N.D. Cal. Apr. 3, 2017) (relying on an unpublished 9th Circuit decision to conclude that "lenders do not owe borrowers a duty of care to process a loan modification application within a particular time frame"); *Vethody v. Nat'l Default Servs. Corp.*, No. 16-CV-04713-HRL, 2016 WL 7451666, at *5 (N.D. Cal. Dec. 28, 2016) (court was "persuaded that lenders owe no duty of care to offer or approve loan modification applications under ordinary circumstances and absent 'additional facts to support a duty of care'"); *Morton v. Wells Fargo Bank, N.A.*, No. 16-CV-05833-HRL, 2016 WL 7117041, at *5 (N.D. Cal. Dec. 7, 2016).[7] But I and most other judges in this District have followed *Alvarez;* in the absence of contrary authority from the California Supreme Court, I will do so again. *See Clinton v. Select Portfolio Servicing, Inc.*, No. 2:16-CV-02228-WHO, 2016 WL 7034895, at *4 (E.D. Cal. Dec. 2, 2016); *see also Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 840346, at *9 (N.D. Cal. Mar. 3, 2017) (following *Alvarez*); *Kaar v. Wells Fargo Bank, N.A.*, No. C 16-01290 WHA, 2016 WL 3068396, at *4 (N.D. Cal. June 1, 2016) (same).[8] BSI owed a duty of care to McCarthy in processing her loan modification application.

### B. Breach and Injury

BSI argues that even if a duty exists, McCarthy has not alleged facts showing that BSI breached its duty. I agree. While the Complaint lists a number of "acts of negligence," there are

---

[7] Defendants also rely on *Graham v. Wells Fargo Bank, N.A.*, No. 3:15-CV-04220-JD, 2017 WL 86013, at *3 (N.D. Cal. Jan. 10, 2017), to argue that *Alvarez* should be limited to situations where loan servicers "voluntarily" undertake a loan modification review in contrast to situations (as in *Graham*) where the institution was contractually required under a settlement agreement to undertake the loan modification review. However, defendants do not argue that the 2016 settlement agreement between the parties *to this case* contractually required further loan modification reviews.

[8] The finding of a duty in this case is supported by application of the *Biakanja* factors. In *Biakanja v. Irving*, 49 Cal.2d 647 (1958), the California Supreme Court explained that whether a duty arises depends on: (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. Here, the loan modification was intended to benefit McCarthy, and due to the privity of the relationship between McCarthy and BSI, McCarthy was unable to seek a loan modification in other settings while her application was pending with BSI. It was foreseeable that she would be harmed as a result of alleged misrepresentations or an inaccurate determination of her complete application by BSI.

9

insufficient facts alleged to support any of the alleged acts.

In Paragraph 57.a., McCarthy alleges that BSI "negligently failed to abide by industry-standard loan modification duties." But nowhere in the Complaint does she identify what standards were violated in the processing of her **2016** application. She asserts that BSI negligently failed to process sensitive financial information, but alleges no facts in support concerning the **2016** application. *Id*. ¶ 57c. She contends that defendants' employees made false representations, but alleges no facts in support regarding the processing of her **2016** application.[9] *Id*., ¶ 57b. She states that defendants failed "to process" her loan application and failed to rectify unidentified "issues" created by that failure, but pleads no facts in support. *Id*. ¶¶ 57d., 57e. She asserts that BSI negligently sought to collect late fees while her loan modification application was pending, but alleges no facts about fees. *Id*. ¶ 57h. She contends that defendants failed to provide "a written response" to her application, but fails to allege facts showing how that failure could have damaged her when she appealed that denial and admits that BSI considered that appeal. *Id*., ¶¶ 57g., 57i. She says that defendants negligently determined she did not reside in her Property, but fails to allege any facts that BSI relied on that determination to deny her **2016** loan modification application.[10] *Id*. ¶ 57j. She asserts that BSI negligently determined she did not qualify for a loan modification when she did, but alleges no facts showing that her financial situation at the relevant time in **2016** qualified her for a modification. *Id*. ¶ 57k. Finally, she contends that BSI negligently advised McCarthy that her loan modification was denied for conflicting reasons, but alleges no facts in support of that assertion as to her **2016** application. *Id*. ¶ 57l.

Defendants point out that on the TRO record – which is not fully before me on this motion to dismiss – I preliminarily concluded that McCarthy had been given a full and fair loan

---

[9] McCarthy cannot rely on representations made with respect to her 2015 loan modification application because those claims were released in her January 2016 settlement.

[10] As noted in my March 2017 Order, the evidence submitted by BSI in conjunction with its opposition to the TRO suggests that in 2015 BSI eventually acknowledged that McCarthy did reside at the Property and denied the modification based on financial considerations. March 2017 Order at 3-4 n.2. I do not consider that TRO evidence in ruling on this motion to dismiss, but it should be relevant to plaintiff's determination as to whether to attempt to amend.

10

modification review. March 2017 Order at 13. That record is not before me on this motion and McCarthy has not had an opportunity to attempt to plead facts to cure the deficiencies I have identified. Therefore, I will dismiss McCarthy's negligence and negligent misrepresentation claims with leave to amend.[11]

## III. FRAUD-BASED CLAIMS

Defendants move to dismiss McCarthy's fraud and negligent misrepresentation claims for failure to allege them with specificity as required under Rule 9(b). In her Complaint, McCarthy relies on the following misrepresentations to support these claims: (i) BSI is a participant in the Making Home Affordable Program; (ii) BSI determined that the Property was not her principal residence; (iii) BSI's determination that the Property was not her principal residence was the only reason for her loan modification disqualification; and (4) BSI is not authorized to modify her loan under the Making Home Affordable Program. Compl. ¶¶ 62, 70; Oppo. 7-8.

However, with respect to the "principal residence" representations, McCarthy does not allege facts showing that any such representations were made or conveyed to her in connection with her **2016** application. In her Opposition, McCarthy does not discuss the misrepresentation claims based on her HAMP allegations; her Complaint alleges that such representations were made in 2015. *Compare* Oppo. 7-8 *with* Compl. ¶¶ 31, 32.

As with her negligent misrepresentation claims dismissed above, I dismiss McCarthy's fraud claims with leave to amend.[12]

## IV. UCL

Defendants move to dismiss McCarthy's UCL claims, arguing that because she has failed to adequately allege any illegal or fraudulent conduct, her pendent-UCL claims should be

---

[11] I need not reach the issue of damages, but if plaintiff chooses to amend these claims, she will need to state facts plausibly showing how the negligent acts caused her injury. *E.g.*, that she qualified for a modification, that she detrimentally relied on misrepresentations causing her a specific injury not otherwise caused by her default on the mortgage in the first instance, etc.

[12] As with the negligence-based claims, if plaintiff amends her fraud-based claims, she will need to plead facts showing how she was damaged *as a result* of the fraud, which she currently fails to do.

11

dismissed as well. In her Complaint, McCarthy rests her UCL claims on allegations of BSI's "pattern and practice" of unlawful, fraudulent, and unfair conduct related to the servicing of her mortgage. Compl. ¶ 78. She specifically identifies the misleading HAMP representations (alleged to have been made in 2015) and BSI's failures to follow HBOR that do not state any cause of action. Accordingly, as she has failed to state a claim under HBOR and cannot base her any claim on the 2015 HAMP representations, her UCL claims are dismissed with leave to amend.[13]

## CONCLUSION

For the foregoing reasons, McCarthy's complaint is dismissed. If she can state facts curing the deficiencies I have identified, she must do so within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 10, 2017

William H. Orrick
United States District Judge

---

[13] I need not address plaintiffs "claim" for an injunction under Cal. Civ. Code § 2924.12. That provision provides for a public right of action to seek either an injunction or damages for violations of other provisions of HBOR, including § 2923.6. As plaintiff has failed to state a claim for relief under § 2923.6, she has no right to a remedy under § 2924.12 on the current Complaint.

12